**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTINE SIEVERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY BACK OFFICE, LLC; CHESTNUT STREET CAPITAL, LLC; RYAN ROSS, individually; ETHEN ARMSTRONG, individually; ERIK SCHMOLK, individually; and DOES 1-20,<br><br>Defendants. | ) | CASE NUMBER: 3:26-cv-00291 |

## COMPLAINT – CLASS ACTION

Plaintiff Christine Sievers, individually and on behalf of all others similarly situated, by and through counsel, Chatham and Baricevic, LLC, alleges as follows:

## INTRODUCTION

1. This case concerns the unlawful withholding of employee retirement contributions under a purported Simple IRA retirement plan.

2. Defendants deducted retirement contributions directly from employee wages every pay period beginning in approximately February 2025, representing that those funds would be deposited into employee retirement accounts and matched by the employer.

3. Defendants failed to deposit those employee contributions into the retirement accounts in a timely manner, or at all, while continuing to withhold funds from employees' wages.

4. The withheld funds were employee plan assets under federal law at the time they were deducted from wages.

5. By retaining those funds rather than transmitting them to the retirement plan, Defendants violated their fiduciary duties and engaged in prohibited transactions under federal employee benefits law.

6. These actions caused direct financial harm to Plaintiff and other employees whose wages were reduced for retirement contributions that were never deposited or invested on their behalf.

## JURISDICTION AND VENUE

7. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq.

8. This Court has subject matter jurisdiction under 29 U.S.C. §1132(e) and 28 U.S.C. §1331.

9. Venue is proper in this District under 29 U.S.C. §1132(e)(2) because a substantial portion of the events giving rise to the claims occurred within this District and Plaintiff performed work within this District.

## PARTIES

10. Plaintiff Christine Sievers is an employee who worked for Quality Back Office and whose wages were subject to deductions labeled as "Simple IRA" contributions.

11. Defendant Quality Back Office, LLC is a business entity operating offices in multiple locations, including St. Louis, Missouri and Chicago, Illinois, and served as Plaintiff's employer and plan sponsor.

12. Defendant Chestnut Street Capital, LLC is the parent entity through which the retirement account was opened and exercised authority over the retirement plan assets.

13. Defendant Ryan Ross is an owner, manager, and fiduciary of the retirement plan who exercised discretionary authority over plan administration and employee contributions.

14. Defendant Ethen Armstrong is an owner, manager, and fiduciary of the retirement plan who exercised discretionary authority over plan administration and employee contributions.

15. Defendant Erik Schmolk is an owner, manager, and fiduciary of the retirement plan who exercised discretionary authority over plan administration and employee contributions.

16. Defendants Does 1–20 are additional individuals or entities responsible for plan administration or handling employee contributions whose identities are presently unknown.

## FACTUAL ALLEGATIONS

17. Plaintiff and other employees were informed that they participated in a Simple IRA retirement plan offered by their employer.

18. Beginning in approximately mid-February 2025, Defendants began deducting retirement contributions from employee paychecks every two weeks.

19. Pay stubs reflected deductions labeled “Simple IRA” along with a purported employer matching contribution of approximately three percent.

20. Employees reasonably believed these deductions were being deposited into their individual retirement accounts.

21. In reality, the deducted funds were not transmitted into the retirement accounts.

22. Employees were unable to access or confirm any deposited funds because the accounts either had not been funded or had not been properly established.

23. Defendants continued withholding employee retirement contributions for months without depositing those funds into the plan accounts.

24. An account was eventually opened with American Funds in the name of the parent company, Chestnut Street Capital, but the employee contributions withheld from wages were not deposited into that account.

25. Defendants acknowledged that the funds had not been deposited for any employees.

26. As a result, employees lost the opportunity for investment growth and suffered financial harm from the withheld wages.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23.

28. The proposed class consists of all employees of Defendants whose wages were reduced for retirement contributions that were not timely deposited into their retirement accounts.

29. The class is sufficiently numerous that joinder of all members is impracticable.

30. Common questions of law and fact include whether Defendants withheld employee retirement contributions and failed to deposit them into the retirement plan as required by law.

31. Plaintiff's claims are typical of the claims of the class because the same payroll practices applied to all employees.

32. Plaintiff will fairly and adequately protect the interests of the class.

## COUNT I
## Breach of Fiduciary Duty
## (ERISA – 29 U.S.C. §1104)

33. Plaintiff realleges all preceding paragraphs.

34. Defendants were fiduciaries of the retirement plan because they exercised authority or control over plan assets and plan administration.

35. Employee wage deductions designated for retirement contributions became plan assets at the time they were withheld from employee pay.

36. Defendants breached their fiduciary duties by failing to timely transmit those contributions to the retirement plan.

37. Defendants failed to act solely in the interest of plan participants and beneficiaries.

38. As a direct result, Plaintiff and class members suffered financial loss.

**COUNT II**
**Prohibited Transactions**
**(ERISA – 29 U.S.C. §1106)**

39. Plaintiff realleges all preceding paragraphs.

40. By retaining employee retirement contributions and failing to deposit them into the plan, Defendants used plan assets for their own benefit or for the benefit of the employer.

41. Such conduct constitutes a prohibited transaction under ERISA.

**COUNT III**
**Failure to Remit Employee Contributions**

42. Plaintiff realleges all preceding paragraphs.

43. Federal law requires employers to transmit employee retirement contributions to the plan as soon as reasonably practicable.

44. Defendants failed to do so and instead retained employee funds.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that the Court:

A. Certify this case as a class action;

B. Declare that Defendants violated ERISA;

C. Order Defendants to restore all withheld employee retirement contributions to the plan with lost earnings;

D. Remove Defendants as fiduciaries of the plan;

E. Award appropriate equitable and injunctive relief;

F. Award attorneys' fees and costs under 29 U.S.C. §1132(g);

G. Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**CHATHAM AND BARICEVIC**

/S/ CHARLES J. BARICEVIC
Charles J. Baricevic, 6305418
Chatham & Baricevic
107 West Main Street
Belleville, IL 62220
cj@chathamlaw.org
PHONE: 618 233 2200
FAX: 618-233-1589